Rosetta M. Lovegrove *vs.* Frederick C. Rogers.

APRIL 26, 1944.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Condon, J. This is an action of trespass which was brought under the provisions of general laws 1938, chapter 639, §3 and tried in the superior court by a justice thereof, sitting without a jury. The trial justice decided the case in favor of the defendant and the plaintiff duly excepted to that decision, on the grounds that it was against the law, against the evidence, against the law and the evidence, and against the weight of the evidence. The case is here solely on that exception.

Plaintiff alleges in her declaration substantially that the defendant's dog, while without defendant's enclosure, did assault and otherwise injure her, by reason of which she was made sick, sore, lame and disordered, and was caused to suffer great nervous shock. Defendant moved for a bill of particulars and, among other things, requested that plaintiff set out more fully "1. The manner in which the dog did 'otherwise injure' the plaintiff." In her bill of particulars plaintiff complied by stating: "1. The plaintiff was knocked down twice and trampled upon by the dog."

Plaintiff was bound by her bill of particulars. *Gorton* v. *Johnson,* 23 R. I. 138. In order to prove defendant's liability it was necessary for her to show by a fair preponderance of the evidence that the dog knocked her down. On this point the evidence is clearly conflicting. It appears from the transcript that plaintiff fell to the ground twice. She testified

that in each instance it was the dog that knocked her down. A disinterested witness, who had seen the plaintiff fall each time, testified on behalf of the defendant that she fell the first time before his dog got near her, and the second time just as his dog was biting the plaintiff's dog, which she was holding in her arms. In each instance, according to this witness, plaintiff tripped over her dog's leash which had become wound about her legs. There were other minor details of testimony on this point, but they are not sufficiently important to be set out here. There was no other witness to the alleged assaults.

In this state of the evidence on the question of liability, the trial justice was forced, under the narrow allegation in plaintiff's bill of particulars, to decide whom he would believe. He expressly stated in his decision that the testimony of defendant's disinterested witness differed markedly from the plaintiff's testimony as to how she suffered her injuries, and that he was constrained to rely largely upon the testimony of defendant's witness. Since he had the opportunity of observing the witnesses as they testified, he was in a better position than we are to pass upon their credibility and hence his decision, based as it is so largely on such credibility, is entitled to great weight. We have carefully read the transcript and, in our opinion, the trial justice was fully justified in believing the testimony of the disinterested witness rather than that of the plaintiff. Therefore, on our view of all the evidence, the decision of the trial justice was not clearly wrong.

We are also of the opinion that he considered the case as one falling under the rule laid down in *Malafronte* v. *Miloni*, 35 R. I. 225, notwithstanding the comments which he made on that case. Indeed, he specifically stated that he was bound by what this court had said therein, meaning, as we understand him, that he accepted and was going to follow the law as held by this court in that case. Since he did not decide against the plaintiff as a matter of law but did decide for the defendant on the weight of the evidence, it is

clear that he must have followed the law of the *Malafronte* case.

Plaintiff's exception to the decision of the trial justice is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Wilson, Budlong & Clough, Wilford S. Budlong,* for plaintiff.

*John E. Mullen, John T. Walsh,* for defendant.